I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 1-20-15

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
JAN 2 0 2015
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOPEZ, | Case No. CV14-9865-VAP (RNB) |
| Petitioner, | |
| vs. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| M. SPEARMAN, Warden, et al., | |
| Respondents. | |

Petitioner currently is serving an indeterminate life sentence that was imposed in 1987, following his first degree murder conviction. On December 29, 2014, he filed a Petition for Writ of Habeas Corpus herein in which he purported to allege the following two grounds for relief:

    1.    The Board of Parole Hearings wrongly denied him parole in violation of his Fourteenth Amendment right to due process.[1]

    2.    The trial court erred in imposing a restitution fine without first determining petitioner's ability to pay it, in violation of due

---

[1] While not entirely clear from the face of the Petition or the attached supporting memorandum, it appears from the copy of the Superior Court denial order attached to the Petition that the petitioner is challenging the Board's November 28, 2012 finding that he was not suitable for parole.

1

1  process.

3  The Supreme Court's decision in <u>Swarthout v. Cooke</u>, 562 U.S. 216, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam) is dispositive of petitioner's first ground for relief. There, in reversing <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (9th Cir. 2010), and rejecting the Ninth Circuit's position on the standard of review applicable to California parole denials, the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California federal habeas petitioner challenging the denial of parole is entitled is the minimal procedural due process protections set forth in <u>Greenholtz v. Inmates of Neb. Penal and Corrections Complex</u>, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) (i.e., an opportunity to be heard, and a statement of reasons for the denial). <u>See</u> <u>Cooke</u>, 131 S. Ct. at 861-62. Here, petitioner is not claiming that he was deprived of an opportunity to be heard or of a statement of reasons for the denial. Rather, he merely is claiming that the Board's denial of parole violated his federal constitutional right to due process because the Board improperly relied on certain information in a probation officer's report and the denial therefore did not meet the "some evidence" standard. However, under <u>Cooke</u>, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." <u>See</u> <u>id.</u> at 862-63; <u>see also</u> <u>Roberts v. Hartley</u>, 640 F.3d 1042, 1046 (9th Cir. 2011) ("It makes no difference that Roberts may have been subjected to a misapplication of California's 'some evidence' standard. A state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus.").

To the extent that, in his second ground for relief, petitioner now is challenging the restitution part of his sentence imposed in 1987, the Petition constitutes a second and/or successive petition challenging the same judgment of conviction as the prior habeas petition filed by petitioner in this Court in Case No. CV 97-1927-DT (RNB),

1  which was dismissed with prejudice on September 3, 1997. Since petitioner's
2  challenge to his sentence qualifies as a new claim that was not presented in Case No.
3  CV 97-1927-DT (RNB), it was incumbent on petitioner under 28 U.S.C. §
4  2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court
5  to consider the Petition containing this new claim, prior to his filing of it in this
6  Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.
7  See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S.
8  984 (2003).[2]
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //

---

[2]  Even if the Court had subject matter jurisdiction to consider petitioner's sentencing error claim, the claim would not be cognizable on federal habeas review because it involves solely the interpretation and/or application of state sentencing law. See, e.g., Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.), cert. denied, 514 U.S. 1026 (1995); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993); Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989). A habeas petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process." See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.), cert. denied, 522 U.S. 881 (1997). Moreover, under Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005), this Court would be bound by the California Court of Appeal's determination that the trial court did not err in its determination of the amount of restitution or petitioner's ability to pay restitution.

IT THEREFORE IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: Jan 13 2016

                                      VIRGINIA A. PHILLIPS
                                      UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge